(Superior Court of Cincinnati.)
General Term 1900.

GEORGE HARE v. HENRY BRAHM et al.

---

Where justice can be promoted thereby, a case will be sent back for retrial on account of error·that is technical only.

---

DEMPSEY, J., JACKSON, J., and MURPHY, J., concur.

This is a petition in error filed to reverse the action of the court at Special Term in sustaining a demurrer to the petition below, and rendering a judgment in behalf of the defendants.

The defendants in the action were Henry Brahm, former guardian of Catherine Klosterman, a lunatic, now deceased, and A. E. Carr as administrator of said deceased.　The action was against them jointly.　From the statements in the petition it appears that the plaintiff claims there was due him on July 7, 1885, from said lunatic and her guardian the sum of $275 for necessaries furnished her; that said Brahm, guardian, had no means of the lunatic at that time to pay the bill, and that an arrangement was entered into between them whereby the said sum of $275 was borrowed from one Joseph Heman, and a joint note therefor given to him signed by "Henry Brahm, guardian," and "George Hare, trustee."　This $275 was turned over to plaintiff, Hare.　Brahm kept the interest on this note paid up until June 7, 1888, but on February 24, 1894, plaintiff was compelled to pay to Heman the face of the note, with interest from July 7, 1888.

Catherine Klosterman, the lunatic, subsequently died, and the defendant, Carr, was appointed administrator of her estate, which was of some magnitude, and due proof was made of claim against her estate, but it was not allowed.　A judgment is then prayed against both defendants, Brahm as late guardian and

[COPYRIGHT, 1901, BY CARL G. JAHN.]

Carr as administrator, for said sum of $275, with interest from July 7, 1888.

A general demurrer was filed to this petition by both defendants jointly, and it is to the court's action on this demurrer that error is prosecuted.

The case was argued at considerable length before us on the theory that there was in equity relief to be had against at least the estate of the deceased lunatic.　But we have not found it necessary to express an opinion on this point at this time.

An inspection of the petition herein shows that two causes of action against different defendants are blended in a single count against them jointly.　As against the defendant, Brahm, a good cause of action was certainly stated, so far at least as his obligation to indemnify Hare against liability on the note was concerned, and this was a cause of action at law.　Assuming merely, for this opinion, that there was a liability on the part of the estate in equity to respond for the necessaries furnished, there yet remains the question whether plaintiff would not be put to his election as to whom he would seek for his reimbursement.　At any rate, we think there was technical error in sustaining the demurrer to the petition and entering a judgment in behalf of both defendants. As this judgment is entire it follows that the error vitiates the whole of it, and consequently it must be reversed.

While we concede the error to be technical only, yet we conceive justice will also be promoted by sending the whole case back to the Special Term, where the liability of the two defendants, and the forms in which they must be pursued, and all other technicalities of procedure can be more practically and expeditiously threshed out.

Judgment reversed.

J J. Gasser and Ed. M. Spangenberg for plaintiff.

A. E. Carr and E. M. Garrison for defendants in error.